WILLIAM T. RUSSELL & others *vs.* LAWRENCE GRINNELL
& others.

One for whose "use and support" a legacy has been bequeathed in trust cannot maintain a bill in equity against the trustee to have the principal of the legacy paid over to him.

BILL IN EQUITY by William T. Russell, his two sons, and Catherine B. Anthony, alleging that Mary Grinnell by her will gave to Joseph Grinnell, one of the defendants, "the sum of $4000 to be held by him in trust for the use and support of my brother William T. Russell, and his wife and children," also gave to Joseph Grinnell and Joseph R. Anthony "the sum of $4000 to be held by them in trust for the use and support of my sister Catherine, wife of Joseph R. Anthony," and gave the residue of her property to the defendants; that the wife of William T. Russell had died, his sons were both of full age, and Joseph R. Anthony had died; that the longer continuance of the trust was unnecessary, inconvenient and expensive; and that the plaintiffs had requested Joseph Grinnell to pay over the legacies to them, but he had refused so to do, alleging that the other defendants contended that the plaintiffs were entitled only to the income thereof. The prayer was, that Joseph Grinnell might be ordered to pay over the legacies.

Joseph Grinnell answered, admitting the allegations of the bill. The other defendants answered, admitting the allegations concerning the making and contents of the will, but alleging that the plaintiffs had only a life interest in the legacies, and denying that the longer continuance of the trust was unnecessary, inconvenient or expensive.

The case was reserved, by the chief justice, on the bill and answers, for the determination of the full court.

*O. Prescott*, for the plaintiffs.

*G. Marston & C. W. Cliffor.1*, for the defendants.

CHAPMAN, C. J. The bequests in trust gave large discretionary power to the trustees. They might apply not only the income, but so much of the principal as they might think proper,

to the use and support of the *cestui que trust*, and they were not limited to any particular methods of making the application. In the exercise of a reasonable discretion they had power to termi-nate the trust, if they thought proper; and in the exercise of the same discretion they may continue to hold the property not yet expended. They do not seek instructions from the court as to their duty, and the plaintiffs have no right to do so.

*Bill dismissed, with costs.*