MARTIN B. INCHES & another *vs.* CAROLINE I. HILL & others.

By a marriage settlement, real estate was given in trust for the wife for life, then for the husband for life, then to the children of the wife as tenants in common, with a proviso that if the wife should die and leave issue, "but such issue shall die before attaining majority or day of marriage, then from and after the decease of said issue" the estate to go over. *Held,* that the children took vested remainders, which became indefeasible on the oldest becoming of age.

When a person is entitled to the equitable fee in part of trust property, and no reason appears why the trust in that part should not be terminated, the court may order the trustee to convey to him.

BILL OF INTERPLEADER filed by the trustees under the marriage settlement of Caroline M. Dehon, against Caroline I. Hill, Francis Bacon and William Dehon, praying that they might interplead as to their respective rights and claims in and to the trust estate. The case, as it appeared from the bill and answers, on which it was reserved by *Wells*, J., for the determination of the full court, was as follows:

By the marriage settlement aforesaid, certain real estate belonging to Mrs. Dehon, then Caroline M. Inches, was given to trustees to the use of her in fee until her marriage to the defendant William Dehon, and on her marriage then in trust to pay the rents and profits to her during her life, and on her death to her husband for life, should he survive her, "and in case the said William does not survive the said Caroline, then, at and from the decease of said William, otherwise at the decease of the said Caroline," to her children as she might by deed or will appoint; "and in default of such appointment, or in case any such shall be made, then when and as the estates or interest thereby limited shall respectively end, to the use of all and every the child and children of the said Caroline, their respective heirs and assigns, forever, if

there shall be more than one, and to take as tenants in common, but if there shall be but one child, then to the use of such only child, his or her heirs and assigns forever;" and in default of issue of Caroline, then to such persons as she might appoint, and in default of such appointment, to "such person or persons as would, by the laws of Massachusetts, then be entitled to the same in case the said Caroline had thereof died seised intestate, sole, and without issue, to his, her, or their heirs and assigns forever; and in case said Caroline shall decease and leave issue, but such issue shall die before attaining majority or day of marriage, then, from and after the decease of said issue, to the use of the same person or persons as would have taken the same if no issue had survived the said Caroline; without prejudice, however, to the right of said William to enjoy the income for life, as was before provided."

Mrs. Dehon died in 1859, leaving her husband and three children, Arthur, Henderson I. and Caroline I., all three under age and unmarried. In 1862 Arthur died, having attained his majority and leaving a will, in which he gave all his property to his brother and sister in equal shares; in 1867 Henderson I. died under age and unmarried; and in 1868 Caroline I., being then of full age, married Adams S. Hill. In 1865 William Dehon conveyed to the defendant Bacon all his title and interest in and to the income of the trust property, and in 1868 conveyed to him all the right, title and interest, if any, which he acquired or inherited by the death of his son Henderson I., in the trust property; and in 1870 Bacon conveyed to Caroline I. Hill, in her own right, the life estate in the trust property which was conveyed to him by William Dehon in 1865.

*R. Olney,* for Mrs. Hill. 1. The settlement gave contingent remainders to those of the children or issue of Mrs. Dehon who should survive her and also attain majority or be married. *Loring* v. *Eliot,* 16 Gray, 568, 572. *Olney* v. *Hull,* 21 Pick. 311 313. *Sears* v. *Russell,* 8 Gray, 86, 94. *Eldridge* v. *Eldridge,* 9 Cush. 516. *Loddington* v. *Kime,* 1 Salk. 224; *S. C.* 1 Ld. Raym. 203. *Crump* v. *Norwood,* 7 Taunt. 362. *Doe* v. *Holme,* 2 W. Bl. 777. *Goodtitle* v. *Billington,* 2 Dougl. 753. *Good-*

*right* v. *Dunham*, 1 Dougl. 265. *Merest* v. *James*, 1 Brod. & Bing. 484. *Doe* v. *Scudamore*, 2 B. & P. 289. *Ives* v. *Legge*, 3 T. R. 488, note. *In re Ashmore's trusts*, Law Rep. 9 Eq. 99. *Locke* v. *Lamb*, Law Rep. 4 Eq. 372. *Merry* v. *Hill*, Law Rep. 3 Eq. 619. *In re Watson's trusts*, Law Rep. 10 Eq. 36. *Sibley ι. Perry*, 7 Ves. 522. *In re Heath's settlement*, 23 Beav. 193. *Houghton* v. *Kendall*, 7 Allen, 72. Fearne Cont. Rem. (10th ıd.) 373 *& seq.*

2. The trust should now be determined, and the trustee be ordered to convey. All parties are *sui juris*, and desire it. *Smith v. Harrington*, 4 Allen, 566. *Bowditch* v. *Andrew*, 8 Allen, 339. Hill on Trustees, 278.

*F. Goodwin*, for Bacon.

GRAY, J. The main purposes of this marriage settlement manifestly were to secure the income of the estate thereby settled to the wife, and after her death to the husband, and to give the remainder to the children of the marriage. By the terms of the settlement, the three children, upon the death of their mother without having exercised the power of appointment therein reserved to her, took as tenants in common remainders in fee, vested in interest, though subject to the right of their father to receive the income during his life. This gift in fee is not to be cut down or qualified by subsequent provisions, unless they clearly manifest such an intent. *Briggs* v. *Shaw*, 9 Allen, 516. It was not defeated by the clause disposing of the estate in default of her issue, because her three children were all living at the time of her death; nor by the limitation over " in case said Caroline shall decease and leave issue, but such issue shall die before attaining majority or day of marriage, then from and after the decease of said issue," because that limitation, by the strict and natural construction of its words, and by its evident intent, was not to take effect unless all her children died under age and unmarried, and in fact only one of them died unmarried and before coming of age.

Upon the death of Mrs. Dehon, therefore, each of her children took an estate in fee in remainder in one third of the estate; upon the elder son's dying of age and testate, his third passed by his will, one half to his sister and the other half to his brother, so

that each of them thus had an estate in fee in remainder in one half of the whole estate ; and upon the death of the younger son under age, his half went to his father as his heir, and passed by the father's deed to the defendant Bacon.

The life interest of the father having also been assigned by him to Bacon, and by Bacon to the daughter, the result is that the daughter, now Mrs. Hill, is entitled to the income during her father's life of the whole, and to the fee in the principal of one half of the estate, and Bacon is entitled to the fee in the principal of the other half.

The daughter desires that the trust should be terminated as to that half of the estate, of which she is absolutely entitled to both the income and the principal, and no reason appearing to the contrary, that half should be conveyed by the trustees to her in fee, discharged of the trust. *Smith* v. *Harrington*, 4 Allen, 566. *Bowditch* v. *Andrew*, 8 Allen, 339. Of the remaining half, the income is to be paid to her during her father's life, and at his death the principal will go to Bacon, his heirs and assigns.

*Decree accordingly.*