GEORGE L. UNDERWOOD *vs.* BOSTON FIVE CENTS SAVINGS BANK.

Suffolk.    Jan. 20, 21. — March 1, 1886.    MORTON, C. J., DEVENS & GARDNER, JJ., absent.

A. executed to B., " trustee for myself," a written assignment of all the money due A. on account of a certain deposit-book issued by a savings bank. B, brought an action against the bank to recover the balance of deposits made by A. The bank admitted the deposits and balance as alleged, and the assignment by A. to B. as trustee, and paid the money into court. Upon motion of the bank, the administrator of A.'s estate was summoned in and admitted as claimant under the Pub. Sts. *c.* 116, § 31. He denied the validity of the assignment, set up that it was in trust, and claimed the money. *Held,* that the administrator of A.'s estate was rightly admitted as claimant; that the controversy between him and B. could be decided in this proceeding; and that the bank was entitled to be discharged.

HOLMES, J.    This is an action of contract to recover the balance of deposits made with the defendant by one Ann Scanlan. The plaintiff sues as assignee of Ann Scanlan under an assignment, signed by her, with her mark, in the following form: " Boston, January 24, 1880. For value received, which I hereby acknowledge, I assign to George L. Underwood, trustee for myself, Ann Scanlan, whose name is signed in the margin hereof, all the moneys due up to this date on account of deposit-book 52,390, subject to your by-laws as therein set forth." On the margin is written " George L. Underwood," with the usual form as to residence, occupation, &c.

The defendant admitted the deposits and balance as alleged, and the assignment by Scanlan to the plaintiff as trustee for herself. Upon the defendant's motion, the administrator of

Scanlan was summoned in and admitted as claimant and co-defendant under the Pub. Sts. *c.* 116, § 31. The claimant denied the validity of the assignment, set up that it was in trust, and claimed the money.

The argument for the plaintiff, that he shows a contract of the bank with himself on which he is entitled to recover at law, and therefore that the claimant ought not to have been admitted, is obviously unsound. There was no evidence of any new and independent promise to the plaintiff otherwise than as assignee, nor would there have been any consideration for such a promise, or authority on the part of the treasurer to make it. *Commonwealth* v. *Scituate Savings Bank*, 137 Mass. 301. The plaintiff's only *locus standi* was as assignee of the fund formerly belonging to the claimant's intestate. The claimant was entitled to be heard, not only as to the making and validity of the assignment, but also on the question whether, if made, it did not leave the equitable interest in Scanlan. It is no objection to the admission of a claimant that his interest is merely equitable, any more than in trustee process or a bill of interpleader. *Pierce* v. *Boston Five Cents Savings Bank*, 125 Mass. 593, 596.

Furthermore, if there were evidence upon which a jury might find that the plaintiff had a technical right of action, but it should also appear that his right was at most a dry trust, the admission of the administrator as a claimant would make special proceedings to terminate the trust unnecessary. The termination of the trust would be a matter of strict right, not calling for the exercise of any discretion which might be supposed to belong exclusively to a court of equity. See *Hunnewell* v. *Lane*, 11 Met. 163, 169; *Farrelly* v. *Ladd*, 10 Allen, 127; *Inches* v. *Hill*, 106 Mass. 575; *Johnson* v. *Johnson*, 120 Mass. 465.

The claimant being properly before the court, and the defendant having admitted that the whole title, legal and equitable, lay between the claimant and the plaintiff, and having paid the money into court, the cause should have proceeded between the two parties interested, and the defendant should have been discharged, whether the common law right of action was in the plaintiff or not. For, if not in the plaintiff, it was in the claimant, and, although the statute, as we have said, admits equitable claims, it does not exclude those which are good at common

law, nor put claimants to the superfluous trouble of beginning over again when their right to the fund is absolute and the defendant does not dispute it, merely on the ground that, if the claimant has a right to recover at common law, the defendant might have defeated the action if it had seen fit. We presume that the verdict for the defendant was taken *pro forma*, mainly in order to present the question, pressed by the plaintiff, whether the claimant was rightly admitted.

*Case to stand for trial.*

*B. C. Moulton*, for the plaintiff.
*C. F. Kittredge*, for the defendant.
*C. G. Chick*, for the claimant.