GEORGIANNA WHALL *vs.* JAMES W. CONVERSE, trustee.

Suffolk. January 30, 1888. — March 30, 1888.

Present : MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Will — Devise and Legacy — Heirs — Trust — Equitable Title.*

If a testator by his will gives the income of a trust fund to his wife until her death or remarriage, and, in either event, to his son and daughter, the principal if the wife survives them and their issue, if any, to go on her death as she may direct by will, or, in default of a will, " then to my heirs at law," the bequest over is to those who are the heirs of the testator at the time of his death.

If the daughter dies intestate and without issue, and the son dies without issue, leaving his interest in the trust fund to a third person, who assigns it to the wife, the latter, who has never married again, acquires the equitable title to the whole fund, and has the right to terminate the trust.

BILL IN EQUITY, filed February 8, 1887, against the surviving trustee under the will of Joseph B. Whall, to terminate a trust created by the will, alleging the following facts.

Joseph B. Whall died in November, 1858, leaving a widow, the plaintiff, and, as his only heirs at law and next of kin, Joseph H. Whall, a son by a former wife, and Grace H. Whall, a daughter by the plaintiff. The will, which was admitted to probate on November 29, 1858, and appointed John Field and James W. Converse as trustees, contained the following provisions, which alone are material:

"I give to the said Field and Converse twenty thousand dollars in trust to pay the net income therefrom to my said wife, during her life, or until and not longer than she shall marry again, taking therefor her sole and separate receipt at or before the making of each payment; and upon her decease, or upon her being married again to dispose of the principal thereof as follows: to continue to hold the same in trust for the equal benefit of my children and to pay to my daughter three thousand dollars at any time when after she shall have attained the age of eighteen years she shall in writing request, and until such payment to pay the net income therefrom in equal shares to or for the use of my son and my daughter or the survivor of them during their his or her lives or life ; and after such payment, to pay the net

income from seven thousand dollars of said principal to my daughter and from ten thousand dollars of said principal to my son, to her and to his own use during his and her lives, but in each case and always upon his and her separate receipts to be taken at or before the making of each payment. If either of my children shall die before my wife leaving no issue living, then the whole of said income shall go as aforesaid to my surviving child, and if either or both of my children shall die before my wife and shall leave issue living, such issue shall take the share or shares of its deceased parent or parents, of said income during the life of my wife. Upon the decease of my children respectively, their several shares of the principal then in trust for their benefit shall after the decease of my wife go to their issue respectively, if they shall die leaving issue living, and if either of them shall die leaving no issue living his or her share as aforesaid shall be held still in trust for the benefit as above provided of the survivor, until his or her decease and shall then go after the decease of my wife to his or her issue or in default of issue to my heirs at law.

"In case my wife shall survive both my children and their issue, if any, the said principal shall go and be disposed of at her decease in accordance with her last will or any instrument in writing signed by her in the nature of a testamentary disposition of property or in default of a last will or other instrument as aforesaid, then to my heirs at law.

"All the rest residue and remainder of my estate and property, real personal and mixed, I give devise and bequeath to my said son and daughter, to have and to hold the same in equal shares to them their heirs and assigns forever.

"It is my will, and notwithstanding anything to the contrary hereinbefore provided I hereby order and require that all the estate and property other than income (excepting only the three thousand which she may receive upon her written request) which shall under this will come to my daughter shall not be paid over to her to her own use, but shall be retained or placed in trust for her benefit so that she shall during her life receive the net income therefrom upon giving therefor her sole and separate receipt at or before the making of each payment thereof and upon her decease the principal thereof shall be paid over

appropriated and disposed of in accordance with the provisions of her last will or any instrument in writing signed by her in the nature of a testamentary disposition of property, or in default of such will or other instrument to her heirs at law."

The plaintiff had never married since the death of Joseph B. Whall, and had received since his death the net income of the trust fund from the trustees, and since the death of Field from the defendant as surviving trustee. Grace H. Whall was born on August 29, 1853, and died intestate and without issue on September 7, 1861, and leaving her mother and her brother surviving, in whom became vested all the property and rights which she had, including those which she had or could have in the trust fund. Joseph H. Whall died testate, never having been married, and without issue, on February 3, 1876, being at that time between thirty-one and thirty-two years of age, and by his will, which was admitted to probate on March 6, 1876, gave all his estate to Janet Cumston Lord, afterwards Janet Cumston Moody, in whom vested whatever rights or interest he had or could have in the trust fund. Janet Cumston Moody, by her assignment in writing, dated October 6, 1886, conveyed to the plaintiff, her executors, administrators, and assigns forever, all her right, title, interest, estate, and claim, whether contingent or otherwise, in and to the trust fund held by the defendant, as surviving trustee, including all rights that might accrue upon and after the marriage of the plaintiff, if she should marry again, or upon the death of the plaintiff without having disposed of the principal by will, or by any instrument in writing, signed by her, in the nature of a testamentary disposition of property. By the death of Grace H. Whall and Joseph H. Whall, both without issue, and the assignment from Janet Cumston Moody, the plaintiff had become entitled to the income of the trust fund in case she should marry again, and had become entitled to the principal of the trust fund even in case she should fail to dispose of the same by will or an instrument in writing, signed by her, in the nature of a testamentary disposition of property.

The prayer of the bill was, that the trusts upon which the defendant, as surviving trustee, held the trust fund, might be decreed to be terminated, and he might be ordered to pay over

to the plaintiff the trust fund, principal and income, and all property representing the same, discharged of all trusts.

The answer, after admitting the allegations of the bill, save as to any remarriage of the plaintiff, proceeded as follows: "This defendant says that he is advised that the rights of the plaintiff-depend mainly upon the construction of said will of said Joseph B. Whall, and, if the plaintiff should marry again, whether the income of the trust fund during the residue of her life would then fall into the residuum, or go to those who were the heirs at law of the testator at the time of his death, or to those who would be his heirs at law at the time of the happening of that contingency, if he had then died intestate, or vested in his son, who survived his daughter ; and whether, in case the plaintiff shall die without disposing of said trust fund by her last will or by an instrument in writing, signed by her, in the nature of a testamentary disposition of the property, the principal of said trust fund would then go to those who would then be the heirs at law of the testator, if he had then died intestate, or vested in those who were his heirs at law at the time of his death, are questions which this defendant should not undertake to decide, but questions which should be submitted to this honorable court."

The case was heard upon the pleadings and an affidavit, by *C. Allen*, J., who found as a fact that the plaintiff had never married after the death of her husband, Joseph B. Whall, and reserved the case for the consideration of the full court.

*J. D. Ball*, for the plaintiff.

*W. H. Orcutt*, for the defendant, submitted the case without argument.

HOLMES, J.   The general rule is settled, that, in case of an ultimate limitation like that of the fund in question to the testator's heirs at law, the persons to take are those who answer the description at the time of the testator's death. *Dove* v. *Torr*, 128 Mass. 38, 40.   *Minot* v. *Tappan*, 122 Mass. 535, 537.   *Abbott* v. *Bradstreet*, 3 Allen, 587.   The reasons for this rule are, that the words cannot be used properly to designate anybody else; that such a mode of ascertaining the beneficiary implies that the testator has exhausted his specific wishes by the previous limitations, and is content thereafter to let the law take its course ; and,

perhaps, that the law leans toward a construction which vests the interest at the earliest moment. There is nothing to take this case out of the general rule, and it requires no discussion beyond what will be found in the decisions cited.

It follows, without further construction of the words heirs at law, and whether or not any part of the income or principal in any event would fall into the residuum or pass as property undisposed of by the will, that the plaintiff and the testator's son and daughter took the whole fund among them. The plaintiff has now acquired the son's and the daughter's interests; *Whipple* v. *Fairchild*, 139 Mass. 262, 265; *Welsh* v. *Woodbury*, 144 Mass. 542, 545, and cases cited; and therefore has the equitable title to the whole fund, and the right to terminate the trust. *Inches* v. *Hill*, 106 Mass. 575. *Underwood* v. *Boston Five Cents Savings Bank*, 141 Mass. 305, 306.                    *Decree for plaintiff.*