ADELBERT E. CLAFLIN *vs.* WILLIAM CLAFLIN & others.

Suffolk.    January 29, 1889. — March 2, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Will — Trust — Termination.*

A testator, by his will, after other liberal provisions for a son, gave one third of the residue of his personal estate to trustees in trust "to sell and dispose of the same and to pay the proceeds thereof to my son in the manner following, viz. ten thousand dollars when he is of the age of twenty-one years, ten thousand dollars when he is of the age of twenty-five years, and the balance when he is of the age of thirty years." The trustees paid over ten thousand dollars to the son when he became twenty-one years of age, and thereupon he filed a bill in equity to obtain the rest of the fund. *Held,* that a valid restriction was imposed upon the son's possession and control of the fund, and that the terms of the will should be carried out.

BILL IN EQUITY, filed November 3, 1888, to terminate a trust for the benefit of the plaintiff under the will and codicil of his father, Wilbur F. Claflin, in the residue of his estate, against the trustees under the will and the plaintiff's mother and brother. The answer of the mother and brother admitted that the plaintiff had the entire beneficial interest in the principal and income of that portion of the trust fund held in trust for him, and made no claim to the same adverse to his right. Hearing before *W. Allen,* J., who ordered the bill to be dismissed; and the plaintiff appealed to the full court. The case, so far as material, is as follows.

Wilbur F. Claflin at his death left a widow and two sons, of whom the plaintiff was a minor. The will, which was dated July 27, 1885, and named William Claflin, James A. Woolson, and Horatio Newhall as executors and trustees, provided in the second clause that the sum of $50,000 might remain in the hands of one of the executors for the period of five years, the income during that time to be equally divided between the wife and the two sons, the principal at the end of that period to fall into the residue of the estate; in the sixth clause, that a trust company should hold $100,000 in trust to pay the net income of three several sums of $30,000 to the wife and sons during their lives, and to pay over the principal of such sums at their

death, as they should appoint by will; in the ninth clause, that the persons named as executors and trustees in the will should hold $60,000 to pay the net income of $20,000 to his wife for five years, and, if she should die before the end of that time, to pay over the principal as she should appoint by will, or if she should live to the end of that period, to pay it over to her, and further to pay to each son the net income of $20,000 for ten years, and, if either of them should die before the end of that time, to pay over that amount as he should appoint by will, or, if either of them should live to the end of that period, to pay it over to him; and in the eleventh clause as follows:

"Eleventh. All the rest and residue of all my personal estate I give, bequeath, and devise to William Claflin, James A. Woolson, and Horatio Newhall, all aforesaid, and to the survivors of them, but in trust nevertheless for the purposes following, viz.: to sell and dispose of the same, and to divide the proceeds equally among my wife, Mary A. Claflin, Clarence A. Claflin, my son, and Adelbert E. Claflin, my son, or their heirs by representation."

The codicil, which was dated August 6, 1885, provided that, "Whereas in item 'eleventh' in said will I directed the three trustees therein named, viz. William Claflin, James A. Woolson, and Horatio Newhall, 'to sell and dispose of the same, and to divide the proceeds equally among my wife, Mary A. Claflin, Clarence A. Claflin, my son, and Adelbert E. Claflin, my son, or their heirs by representation,' now then I revoke and annul the provision of said will as above set forth, and instead thereof I declare the trust in the words following, which words are to be taken as a part of said will instead of the words revoked and annulled, viz.: to sell and dispose of the same, and to pay to my wife, Mary A. Claflin, one third part of the proceeds thereof, and to pay to my son Clarence A. Claflin one third part of the proceeds thereof, and to pay the remaining one third part thereof to my son Adelbert E. Claflin, in the manner following, viz. ten thousand dollars when he is of the age of twenty-one years, ten thousand dollars when he is of the age of twenty-five years, and the balance when he is of the age of thirty years."

The will and codicil were duly admitted to probate, and the executors proceeded to settle the estate according to their terms;

and when the plaintiff reached the age of twenty-one years the trustees paid over to him the sum of $10,000.

The plaintiff contended that he had the entire beneficial interest both in the income of the third part of the rest and residue of the estate and in the property itself, and that no reasons existed why the same should be longer held by the trustees, as such further holding caused him unnecessary inconvenience and expense.

*S. N. Aldrich & E. G. McInnes,* for the plaintiff.

*H. Baldwin,* for the defendants.

FIELD, J.  By the eleventh article of his will as modified by a codicil, Wilbur F. Claflin gave all the residue of his personal estate to trustees, " to sell and dispose of the same, and to pay to my wife, Mary A. Claflin, one third part of the proceeds thereof, and to pay to my son Clarence A. Claflin one third part of the proceeds thereof, and to pay the remaining one third part thereof to my son Adelbert E. Claflin, in the manner following, viz. ten thousand dollars when he is of the age of twenty-one years, ten thousand dollars when he is of the age of twenty-five years, and the balance when he is of the age of thirty years."

Apparently, Adelbert E. Claflin was not quite twenty-one years old when his father died, but he some time ago reached that age and received ten thousand dollars from the trust.  He has not yet reached the age of twenty-five years, and he brings this bill to compel the trustees to pay to him the remainder of the trust fund.  His contention is, in effect, that the provisions of the will postponing the payment of the money beyond the time when he is twenty-one years old are void.  There is no doubt that his interest in the trust fund is vested and absolute, and that no other person has any interest in it, and the weight of authority is undisputed that the provisions postponing payment to him until some time after he reaches the age of twenty-one years would be treated as void by those courts which hold that restrictions against the alienation of absolute interests in the income of trust property are void.  There has, indeed, been no decision of this question in England by the House of Lords, and but one by a Lord Chancellor, but there are several decisions to this effect by Masters of the Rolls and by Vice Chancellors.  The cases are collected in Gray's Restraints

on Alienation, §§ 106–112, and Appendix II. See *Josselyn* v. *Josselyn*, 9 Sim. 63 ; *Saunders* v. *Vautier*, 4 Beav. 115, and, on appeal, Cr. & Ph. 240 ; *Rocke* v. *Rocke*, 9 Beav. 66 ; *In re Young's settlement*, 18 Beav. 199 ; *In re Jacob's will*, 29 Beav. 402 ; *Gosling* v. *Gosling*, H. R. V. Johns. 265 ; *Turnage* v. *Greene*, 2 Jones Eq. 63 ; *Battle* v. *Petway*, 5 Ired. 576.

These decisions do not proceed on the ground that it was the intention of the testator that the property should be conveyed to the beneficiary on his reaching the age of twenty-one years, because in each case it was clear that such was not his intention, but on the ground that the direction to withhold the possession of the property from the beneficiary after he reached his majority was inconsistent with the absolute rights of property given him by the will.

This court has ordered trust property to be conveyed by the trustee to the beneficiary when there was a dry trust, or when the purposes of the trust had been accomplished, or when no good reason was shown why the trust should continue, and all the persons interested in it were *sui juris* and desired that it be terminated ; but we have found no expression of any opinion in our reports that provisions requiring a trustee to hold and manage the trust property until the beneficiary reached an age beyond that of twenty-one years are necessarily void if the interest of the beneficiary is vested and absolute. See *Smith* v. *Harrington*, 4 Allen, 566 ; *Bowditch* v. *Andrew*, 8 Allen, 339 ; *Russell* v. *Grinnell*, 105 Mass. 425 ; *Inches* v. *Hill*, 106 Mass. 575 ; *Sears* v. *Choate*, 146 Mass. 395. This is not a dry trust, and the purposes of the trust have not been accomplished if the intention of the testator is to be carried out.

In *Sears* v. *Choate* it is said, " Where property is given to certain persons for their benefit, and in such a manner that no other person has or can have any interest in it, they are in effect the absolute owners of it, and it is reasonable and just that they should have the control and disposal of it unless some good cause appears to the contrary." In that case the plaintiff was the absolute owner of the whole property, subject to an annuity of ten thousand dollars payable to himself. The whole of the principal of the trust fund, and all of the income not expressly made payable to the plaintiff, had become vested in him when he

reached the age of twenty-one years, by way of resulting trust, as property undisposed of by the will.    Apparently the testator had not contemplated such a result, and had made no provision for it, and the court saw no reason why the trust should not be terminated, and the property conveyed to the plaintiff.

In *Inches* v. *Hill, ubi supra,* the same person had become owner of the equitable life estate and of the equitable remainder, and " no reason appearing to the contrary," the court decreed a conveyance by the trustees to the owner.    See *Whall* v. *Converse,* 146 Mass. 345.

In the case at bar nothing has happened which the testator did not anticipate, and for which he has not made provision. It is plainly his will that neither the income nor any part of the principal should now be paid to the plaintiff.    It is true that the plaintiff's interest is alienable by him, and can be taken by his creditors to pay his debts, but it does not follow that, because the testator has not imposed all possible restrictions, the restrictions which he has imposed should not be carried into effect.

The decision in *Broadway National Bank* v. *Adams,* 133 Mass. 170, rests upon the doctrine that a testator has a right to dispose of his own property with such restrictions and limitations, not repugnant to law, as he sees fit, and that his intentions ought to be carried out unless they contravene some positive rule of law, or are against public policy.    The rule contended for by the plaintiff in that case was founded upon the same considerations as that contended for by the plaintiff in this, and the grounds on which this court declined to follow the English rule in that case are applicable to this, and for the reasons there given we are unable to see that the directions of the testator to the trustees, to pay the money to the plaintiff when he reaches the age of twenty-five and thirty years, and not before, are against public policy, or are so far inconsistent with the rights of property given to the plaintiff that they should not be carried into effect. It cannot be said that these restrictions upon the plaintiff's possession and control of the property are altogether useless, for there is not the same danger that he will spend the property while it is in the hands of the trustees as there would be if it were in his own.

In *Sanford* v. *Lackland,* 2 Dillon, 6, a beneficiary who would

have been entitled to a conveyance of trust property at the age of twenty-six became a bankrupt at the age of twenty-four, and it was held that the trustees should convey his interest immediately to his assignee, as " the strict execution of the trusts in the will have been thus rendered impossible." But whether a creditor or a grantee of the plaintiff in this case would be entitled to the immediate possession of the property, or would only take the plaintiff's title *sub modo*, need not be decided. The existing situation is one which the testator manifestly had in mind and made provision for; the strict execution of the trust has not become impossible; the restriction upon the plaintiff's possession and control is, we think, one that the testator had a right to make; other provisions for the plaintiff are contained in the will, apparently sufficient for his support, and we see no good reason why the intention of the testator should not be carried out. *Russell* v. *Grinnell*, 105 Mass. 425. See *Toner* v. *Collins*, 67 Iowa, 369; *Rhoads* v. *Rhoads*, 43 Ill. 239; *Lent* v. *Howard*, 89 N. Y. 169; *Barkley* v. *Dosser*, 15 Lea, 529; *Carmichael* v. *Thompson*, 5 Cent. Rep. 500; *Lampert* v. *Haydel*, 20 Mo. App. 616.                                              *Decree affirmed.*