### STIER v. NASHVILLE TRUST CO.

(Circuit Court of Appeals, Sixth Circuit. January 25, 1908.)

No. 1,709.

1. WILLS—CONDITIONS AND RESTRICTIONS—ENFORCEMENT.

The intentions of a testator should be carried out in respect to restrictions and limitations which he imposes upon that which is his own to give or withhold at his pleasure, provided he does not contravene public policy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 955–961, 1525.]

2. SAME—ESTATE IN TRUST—SUIT TO TERMINATE TRUST.

A testatrix devised and bequeathed property to a trustee to be held in trust until her son should reach the age of 30 years, the income in the meantime to be paid to him, and the property to be then transferred to him. Held, that the trust was lawful, and although there was no express restriction against alienation by the son of either the income or corpus of the property, and no provision for contingent remainder in case he should not reach the age of 30, it was within the discretion of a court of equity to refuse to override the limitation of the will by terminating the trust before the stated time.

In Error to and Appeal from the Circuit Court of the United States for the Middle District of Tennessee.

W. B. Stier, for appellant.
C. D. Berry (J. C. Bradford, of counsel), for appellee.
Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is a bill to terminate a trust created by a clause in the will of Mary Kerrigan, by which she gives to the Nashville Trust Company, in trust for the use of her son, Martin J. Kerrigan, an interest in certain town lots and $3,500, par value of the mortgage bonds of a Nashville street railway company, with direction to deliver the corpus of the property to her said son when he should be 30 years of age, paying to him the income, upon his voucher, until the time indicated, at which time it is directed to make a deed to the realty and deliver the bonds. Martin Kerrigan was 23 years of age when this will was executed and is now 27. He has assigned his interest in the corpus and income to the complainant, Stier, and his grantee now asks to have the restriction upon the delivery of the corpus declared null and void, and the trust company required to deliver the trust estate to him now. The court below sustained a demurrer, and dismissed the bill.

The bequest and devise are not to the beneficiary subject to restrictions upon alienation or manner of use, but to the Nashville Trust Company. The trustee is to hold and preserve the property, collect the income, and pay the same over upon the voucher of the beneficiary from time to time, and to deliver the corpus to Martin J. Kerrigan when he shall reach 30 years of age. There is no contingent remainder in case Kerrigan shall not reach the age of 30, and no express restriction against alienation of either income or corpus except the bare inference from the general character of the trust, the relation of the parties, and the intimation that the income is payable only to Martin J. Kerrigan upon his personal voucher. The clause is lacking in those earmarks which are ordinarily essential to a trust for maintenance and support, sometimes called "spendthrift trusts," such as that upheld by this court against creditors in Brooks v. Raynolds, 59 Fed. 923, 8 C. C. A. 370, and by the Supreme Court of the United States in Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 254, or that sustained by the Supreme Court of Tennessee in Jourolman v. Massingill, 86 Tenn. 81, 5 S. W. 719. The fact that the testatrix withheld the corpus from her son until he should reach 30, that she placed it in the possession of a trustee until that time with the duty of receiving and paying the income only until that date, is significant of a purpose to protect the corpus against his acts in so far as that was possible with so slight a restriction. That she has not imposed other limitations and restrictions may be unfortunate, but, if the limitation she has imposed is not unlawful or contrary to public policy, it should not be nullified. The plain purpose of the testatrix was that her son should not receive the corpus of her gift until he attained the age of 30.

The intentions of a testator should be carried out in respect to restrictions and limitations which he imposes upon that which is his own to give or withhold at his pleasure, provided he does not contravene public policy. Jourolman v. Massingill, 86 Tenn. 81, 5 S. W. 719; Brooks v. Raynolds, 59 Fed. 923, 938, 8 C. C. A. 370; Claflin v. Claflin, 149 Mass. 19, 20 N. E. 454, 3 L. R. A. 370, 14 Am. St. Rep. 393; Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 254. Why

shall not the plain intention of this testatrix be carried out? There is no public policy to be subserved by treating this restriction as void. Assume that the trustee might without liability consent to deliver the property before the time fixed. It has not consented. It stands upon the provisions of the will, and says it will not override the intention of the testatrix. In view of the fact that the only persons interested are of age a court of equity might, in the exercise of a reasonable discretion, be moved to terminate the trust, inasmuch as the original cestui que trust has now no interest. Whall v. Converse, 146 Mass. 345, 15 N. E. 660; Sears v. Choate, 146 Mass. 395, 15 N. E. 786, 4 Am. St. Rep. 320. But the court below refused to consent to the termination of the trust, if any discretion it had. The case upon its facts is closely like that of Claflin v. Claflin, cited above. There the bequest was of a fund to trustees in trust to pay over $10,-000 to Adelbert E. Claflin when he was 21 years of age, a like sum when he was 25, and the balance when he was 35. When he came of age he was paid $10,000. He then filed his bill to terminate the trust and acquire the trustee to pay the sum withheld. The Massachusetts court denied relief, saying:

"The restriction upon the plaintiff's possession and control is, we think, one that the testator had a right to make."

We see no sufficient reason for disturbing the refusal of the chancellor to override the limitation of the will. Decree affirmed.