## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Estate of
Pauline Augusta Fricke Cobb

February 26, 1997

BY JUDGE MELVIN R. HUGHES, JR.

This matter is before the court on a Petition by the trustees of a testamentary trust to terminate the trust and transfer the trust corpus to a brokerage firm under a custodial arrangement.

The trustees seek termination because a one time premium for a bond for them is $4,839.00. They urge that payment of the amount would not be in the interests of the three minor beneficiaries, the only beneficiaries under the trust. The trustees argue that a brokerage custody account in lieu of the trust will serve as well as a trust as the monies would be committed without a power of sale.

For years such requests have been governed by the *Claflin* doctrine as upheld in *Telephones, Inc. v. LaPrade*, 206 Va. 388 (1965). The rule comes from *Claflin v. Claflin*, 20 N.E. 454 (Mass. 1889). In effect, the *Claflin* doctrine (also codified in the Restatement Second of Trusts) states that trust beneficiaries cannot compel a trust's premature termination unless all beneficiaries consent (where none are incapacitated) and such termination will not defeat the material purpose of the trust.

In *Claflin*, the testator, Wilbur Claflin set up a testamentary trust for the benefit of his son, Adelbert. The son was to receive amounts from the estate upon attaining the ages of twenty-one and twenty-five and the balance at age thirty. After Wilbur died, Adelbert received the first distribution at age twenty-one. Before he turned age twenty-five, however, Adelbert brought suit asking that the trustees pay him the remainder of the trust funds. Adelbert argued that under English common law his interest in the trust had vested and that the trust was an undue restriction on his rights of alienation.

The court held, however, that the trust should not be terminated ruling that "a testator has a right to dispose of his own property with such restrictions and limitations, not repugnant to law, as he sees fit, and that his intentions ought to be carried out, unless they contravene some positive role of law, or are

against public policy." *Id.* The *Claflin* doctrine has been followed in Virginia as seen in *Telephone, Inc.* and in *Schmucker v. Walker*, 226 Va. 582 (1984).

However, in 1991 the General Assembly of Virginia enacted Va. Code § 55-19.4 wherein "a trustee, personal representative or beneficiary" may petition for "terminating the trust and ordering distribution of the trust property regardless of any spendthrift or similar protective provision." The standard set by the statute for such action is good cause.

Since the beneficiaries are minors, the court appointed a guardian ad litem. At the hearing, the guardian reported that termination would be in the best interest of the beneficiaries because the proposed transfer to the suggested brokerage firm would be without a power of sale. He agreed that, if allowed, the trust would save the expenditure of the aforementioned bond premium for the faithful execution of the duties imposed on the nominated trustees. The court decides to deny the request.

While the enactment of Va. Code § 55-19.4 may be meant to signal a more liberal view toward requests for trust termination or modification in contravention of the Claflin Doctrine, the petitioner must, nonetheless, establish good cause.

With this petition, as with others, the court has difficulty leaving the thought that any testator had a right to dispose of her property in the manner prescribed. The testatrix did so with the expectation that her intentions would be carried out and supported by law. This request is not grounded on an unanticipated change in the tax law, for example, that would make administering the trust difficult and present a hardship to the beneficiaries if not terminated. Indeed, as written, the statute makes tax changes a basis for *modification* of a trust but does not include this as a reason supporting good cause for trust termination. In other words the statute specifically addresses this consideration for modification but not termination. See Va. Code § 55-19.4(D)(1)-(2). So, an applicant's request for termination need only show good cause, which, arguably the trustees have established because they want to avoid the payment of a premium for their bond, an expense they want to avoid if the trust is terminated and converted to a custodial account.

The court does not believe that this amounts to good cause because the safeguards of a trust would be discharged and the substitution of the custodial arrangement, as I understand it, though offering protection of the fund for the benefit of these minors, does not afford as full a protection of the corpus as a trust does. Besides, a trust is what the testatrix wanted; she directed this with the assistance of counsel when she drew her will.

If the Legislature meant to discard the Claflin Doctrine by enacting Va. Code § 55-19.4, a common law rule, then such change should receive a narrow

interpretation. Any hardship the payment of a bond premium would present to the beneficiaries must be weighed against the loss of the trust as a stable instrument to carry out the testatrix's wishes and as a vehicle to afford the beneficiaries protection. The court is not convinced that such is the case. If the trustees wish to resign because of any unreadiness to carry through with their duties, they may ask for permission to do so and the court will appoint another or others who will do so. However, for these reasons the court sees no merit in the request to terminate the trust, just to avoid the payment of a bond premium.