Godfrey v. Roberts.

BURROWS GODFREY

v.

GEORGE M. ROBERTS et al.

[Filed June 29th, 1903.]

Where a testator devises his estate in trust, directing the payment of the interest to his daughter for life, and on her death the division of the fund equally among the daughter's children who shall then be living, the assignee of the daughter and her children cannot require the distri- bution of the fund during the daughter's life on the ground that any new beneficiaries may hold the parties who have received the fund and compel restitution.

On demurrer.

*Mr. John J. Crandall,* for the complainant.

*Mr. Leverelt Newcomb,* for the demurrants.

STEVENSON, V. C.

The complainant in defending his bill against the criticism of the demurrants read from it the following case: George Roberts, by his last will, gives his entire estate, real and personal —$10,000 of realty and $4,000 of personalty—to his widow for life, and at her death $4,000 of it to his son, the defendant George M. Roberts, who also is appointed executor in trust to invest the same in safe securities and pay the interest to the testator's daughter, Esther E. Gill, semi-annually during her life, and on her death to divide the fund equally among her (Esther's) children who shall then be living. All the residue of the estate goes to the son, George M. Roberts, absolutely. The widow died about ten years ago. The daughter, Esther, and her three children, about a year before the filing of the bill, applied to the trustee of the fund, claiming the right to elect to take the fund and discharge the trustee. At first the trustee agreed to grant this request, but later refused, alleging that he was advised by counsel that it would not be legal for him to pay over the fund, and that therefore he would retain it and execute the trust. Subsequently the daughter, Esther, and her three children assigned their interest in the fund to the complainant. There is no allegation that the fund is not invested according to the will, or any charge that the defendant, the trustee, has refused to give the beneficiaries all information to which they are entitled. The bill prays that the fund may be paid over to the complainant as assignee of Esther M. Gill and her three children, and that the complainant may have other relief connected with such payment.

The sole ground on which the bill is sought to be sustained is that the complainant, as assignee of Esther E. Gill and her three children, is entitled to take the fund. No other relief dis-

connected from that demand and claim has been pointed out in the argument as based upon any of the allegations of the bill.

The defendants' demurrers specify, among other grounds, that the bill shows that it is uncertain who the final takers of the fund may be—that the testator's daughter, Esther E. Gill, may outlive all her children, or other children may be born to her who will be entitled to shares, or even to the whole of the fund— that therefore the trustee must hold the fund until, at the death of Esther, the final beneficiaries shall be ascertained.

The complainant endeavors to meet this objection to the bill by urging that any new beneficiaries may hold the parties who have received the fund as trustee and compel restitution—that, in the language of the complainant's brief, "equity will not continue the trust to exhaust every conceivable expectancy."

This view is manifestly unsound. The testator established the trust in order to insure the final distribution of the fund in accordance with his directions. The complainant, as assignee of Esther and her three children now living, has no right at present to the fund, and may never have any right to any part of it. The trustee was properly advised that it is his duty to hold the fund in trust until the death of the daughter, Esther.

The demurrers will be sustained.