## Allen, et al. v. Allen's Trustee.

(Decided January 20, 1911.)

### Appeal from Bourbon Circuit Court.

1. Wills—Action to Terminate Trust—Woman 55 Years of Age.—Where a will provided that his estate be converted into cash, placed in the hands of a trustee, invested by him in bank stock and held by it for the benefit of his two daughters and at their death pass to and vest in their children; in an action by one of the daughters to terminate the trust on the idea that her two.

vol. 141—44

children were 28 and 30 years old respectively; that their interest in the fund had been assigned to and transferred to her by them that the necessity for the continuance of the trust no longer existed. Held, that being married it is not beyond the pale of possibility that she may have other children; and, while such possibility exists, the chancellor should not put it beyond his power to protect the rights of any child that might yet be born to her.

2.  Same—Birth of Children.—This Court has never fixed a period in a woman's life beyond which she may not have children. (See Brown v. Columbia Trust Co., 123 Ky. 775.)

TALBOTT & WHITLEY for appellant.

CHAS. C. FOX for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

By his last will and testament, which was probated in the Bourbon county court on March 15, 1906, A. W. Wright directed that all of his estate be converted into cash, his children equalized, and the portions thereof going to his two daughters should be placed in the hands of a trustee and held by him for their use and benefit, and the income derived from the same annually paid over to them, the said clause being the fourth clause of the will, and reading as follows:

"I further provide that the shares which shall be received by my said daughters, Mrs. Belle Gaines and Mrs. Marsh, respectively, shall not be paid over to them, but I direct my executor to invest the same in some safe dividend paying bank stock, the dividends and income from which bank stock shall be paid to them respectively during their lives, and at the death of each of my said daughters, the bank stock so held by said daughter for her life shall pass to and vest in her children, respectively."

After the estate had been converted into cash and the respective interests of his daughters ascertained, Mrs. Marsh, who had married one Barnett, filed a suit in the Bourbon circuit court, in which she sought to have the trust terminated and the trustee discharged. In this suit she set up the fact that she had only two children, a son, J. N. Marsh, thirty years old, and a daughter, Naomi Reynolds, twenty-eight years old; that each of her said children had sold, assigned and transferred to her all of their interest in and to the said trust fund, and that by reason thereof she was made the sole owner of said fund; and that the necessity for the continuance of the trust no longer existed. A demurrer was sustained to

this petition, and to test the correctness of this. ruling she prosecutes this appeal.

The evident purpose of her father in creating this trust was to prevent the interest of his daughters in his estate from being wasted or lost, and to insure to each of them an annual income during life. The record shows that the trustee now holds for her benefit about $9,800. The income from this, above the taxes and cost of managing the trust fund, would probably be about four per cent. net, so that each beneficiary would receive annually approximately $400 during her life; whereas, if the prayer of the petition should be granted and the provision of the will disregarded, she would have the entire fund turned over to her to do with as she pleases. It is strongly urged in her behalf, that inasmuch as the only children which she now has have surrendered any interest which they have in the fund to their mother, and the record shows that the possibility that she will ever have any more children is very remote, therefore the court erred in refusing to grant the relief. The trustee named in the will has resigned his trust, and one Albert Allen has been appointed trustee in his stead and is now acting in such capacity. When this will was written, in 1901, the testator refers to one of his daughters as Sallie Marsh. Between that date and the death of her father, which occurred prior to March 15, 1906, she had evidently married one Barnett; and since the institution of this suit, while it is not so stated, yet it appears from the record that she has married again, because the suit is styled, upon this appeal, Sallie Barnett Allen v. Sallie Barnett Allen's Trustee. Whether or not the trustee is her husband is not disclosed by the record. It is argued that she will have no more children. She may not. She is fifty-five years of age. But, being married, it is not beyond the pale of possibility that she may have other children; and, while such possibility exists, the chancellor should not put it beyond his power to protect the rights of any child or children that might yet be born to her.

In United States Fidelity & Guaranty Co. v. Douglas' Trustee, 120 S. W., 328, in passing upon a similar question, it is said:

"But this court has never fixed a period in a woman's life beyond which she might not have children, and, in fact, it was specifically declared in Brown v. Columbia Trust Co., 123 Ky., 775, that no age limit would be fixed beyond which the court would feel justified in declaring

that a woman would not or could not give birth to a child.''

In that case, as in this, the woman was fifty-five years of age. Should she have another child or children they would be entitled to share in this estate under the will of their grandfather, and so long as the possibility of there being such after-born children exists the estate must be preserved as directed by the terms of the will.

Judgment affirmed.