CAROLINE E. ACKERMAN *vs.* THE UNION AND NEW HAVEN TRUST COMPANY ET ALS.

Third Judicial District, Bridgeport, October Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and CASE, Js.

A judgment of interpleader cannot properly be invoked under our statute (§ 1019) in a controversy which has, and can have, but two sides.

There is a clear and material distinction between a construction of one or more clauses of a will which is undertaken for the incidental purpose at the outset of determining whether the plaintiff has sufficient standing in court to warrant him in asking for an interpretation of the instrument, and a judicial determination of the full scope, significance and effect of the will in a suit brought for that avowed purpose by one charged with the duty of carrying out its provisions. A suit of this latter nature is properly brought

Ackerman *v.* Union & New Haven Trust Co.

only by one in a position of trust, who seeks the guidance of the court in its administration.

During the continuance of an active testamentary trust, a life beneficiary of the trust fund has no present right to its possession as his absolute estate, upon the theory that he is also the sole legatee of the remainder interest under the residuary clause of the will, and is therefore entitled to have a court of equity terminate the trust and order the trustee to surrender the property; nor is such beneficiary, upon a complaint framed to present the single question of his present absolute ownership, entitled, under chapter 174 of the Public Acts of 1915, to a construction of the residuary clause of the will.

In order to terminate an existing testamentary trust by judicial decree, these conditions must concur: all the parties in interest must unite in seeking the termination; every reasonable ultimate purpose of the trust's creation and existence must have been accomplished; and the proposed termination of the trust must not nullify or disturb any fair and lawful restriction imposed by the testator.

In the present case the testator gave the bulk of his property to a trustee, directing it to pay over the income thereof to his wife and daughter, equally, during their lifetime, and upon the death of either to pay the whole income to the survivor. Upon the death of the survivor "said trust is to terminate," and, after the payment of six pecuniary legacies amounting in the aggregate to $40,000, the rest and residue was to be distributed to the testator's "next of kin" pursuant to the statutes of this State. The daughter survived her mother, and, claiming to be the sole "next of kin" as well as the beneficiary of the entire income, brought this action against the trustee and six nephews and nieces of the testator praying, first, for an order of interpleader, second, for a construction of the will, and third, for a decree terminating the trust. None of the nephews or nieces asserted any claim hostile to the trustee's possession and control, and several of them, as well as the trustee, demurred to the complaint and to the relief sought. *Held*:—

1. That inasmuch as all the parties must necessarily align themselves either with the plaintiff or with the defendant trustee, the controversy presented a dual aspect only and involved no procedure by way of interpleader.

2. That the trust, which the testator plainly intended should continue until the death of the survivor—in this case the daughter— could not now be terminated by a court of equity, inasmuch as none of the conditions essential thereto—and stated above—existed in the present case.

3. That during the continuance of the trust the plaintiff was not in a situation to ask for a construction of the will respecting her alleged

rights as a remainderman, nor, under the allegations of her complaint as it now stood, did she acquire any additional right to ask for such a construction by virtue of the provisions of chapter 174 of the Public Acts of 1915.

Argued November 2d—decided December 17th, 1915.

SUIT to secure the termination of a trust, for a construction of the will creating it, for an order that certain persons named in the will state their claims to the fund by interpleading, and for a distribution of the trust fund, brought to the Superior Court in New Haven County where demurrers to the substituted complaint were sustained and judgment rendered for the defendants, *Bennett, J.*, from which the plaintiff appealed. *No error.*

The final form of the complaint, upon which issue was joined by demurrer in the trial court, presents these facts: Theodore J. Ackerman lived for many years in New Haven, and died there, in his ninetieth year, January 8th, 1911. His wife survived him and died intestate in the following August. Their unmarried daughter, and only surviving child, is the plaintiff, and among the defendants are the son and daughter of a predeceased sister of Mr. Ackerman, and two sons and two daughters of a predeceased brother.

Mr. Ackerman left a will executed October 27th, 1910, which, after a devise of his house and grounds and a legacy of $20,000, both to his wife, and a minor legacy of no importance here, contains these provisions:—

"Fifth: All the rest and residue of my property, of whatsoever the same may consist, or wheresoever the same may be situated, I give to The New Haven Trust Company, of New Haven, Connecticut, in trust, however, to pay over the income thereof to my wife, Ellen D. Ackerman, and my daughter, Caroline E. Ackerman, during their life-time, share and share alike, and upon

the death of either of them, the whole of the income is to be paid to the survivor.

"Sixth: Upon the death of both my wife and daughter, said trust is to terminate, and I then give the sum of five thousand dollars ($5,000) to the City Missionary Association, of New Haven, Connecticut, now located at No. 201 Orange Street; five thousand dollars ($5,000) to the Leila Day Nursery, of New Haven, Connecticut, now . . . located at No. 69 Greene Street; five thousand dollars ($5,000) to the Organized Charities Association, of New Haven, Connecticut, now located at No. 200 Orange Street; five thousand dollars ($5,000) to the Home of the Friendless, of New Haven, Connecticut, now located at No. 118 Clinton Avenue; ten thousand dollars ($10,000) to my nephew, Ernest R. Ackerman of Plainfield, New Jersey, and ten thousand dollars ($10,000) to my nephew, Marion S. Ackerman of Plainfield, New Jersey.

"Seventh: All the rest and residue of my estate, upon the termination of said trust, I desire to have distributed pursuant to the statute laws of the State of Connecticut to my next of kin, with the exception of my niece, Lydia P. Murphy of Plainfield, New Jersey, to whom I give the sum of one dollar ($1.00) only."

The will was admitted to probate, and the trustee, acting as executor, by appointment under a clause of the will not quoted here, has settled the estate. The trust fund set apart by the will is still held and being administered by the defendant trustee.

On April 27th, 1912, the plaintiff, in her own right and as the qualified administratrix of her deceased mother's estate, made a demand in writing upon the trustee reciting in substance the terms of her father's will, the proceedings in the Court of Probate, the value of the trust fund, approximating $312,000, and concluding as follows: "Whereas, the undersigned individually or as

such administratrix, or both, is entitled to all of said property under said will, and has the right to the immediate possession of all of the same except forty thousand dollars ($40,000) in cash or securities, or such other sum of money as may be reasonably held by said trustee in order to pay in full the legacies given by the sixth article of said will upon the death of said Caroline E. Ackerman; Now therefore, I, the said Caroline E. Ackerman, individually and as administratrix of the estate of Ellen D. Ackerman, do hereby demand that you, the said Union and New Haven Trust Company, trustee as aforesaid, pay over, convey and deliver to me individually and as administratrix, all of the real and personal property held by you as said trustee under said will of said Theodore J. Ackerman, except forty thousand dollars ($40,000) in cash or securities, or such other amount as may be reasonably necessary as aforesaid, to be retained and held by you as said trustee under the terms of said trust created by said will."

The trustee declined to turn over the property as demanded, and this action was brought in November, 1912.

All the defendants, except the charitable corporations named as beneficiaries in the sixth clause of the will, "may and do claim to have an estate, title and interest in said residuary estate," adverse to that claimed by the plaintiff. The defendants include the nephews and nieces referred to, and the minor children of some of them.

Other averments in the complaint are without bearing here, and it nowhere appears that any present claim to the fund or to any portion of it has been made by any of the parties defendant out of possession, named in, or having a possible interest under the terms of, the will.

By way of relief in this situation the plaintiff asks: (1) an order in the nature of interpleader that the defendants file and state their claims to the fund; (2) a construction of Mr. Ackerman's will, by virtue of the terms of chapter 174 of the Public Acts of 1915; (3) a determination of the meaning and legal effect of the words "next of kin" as used by the testator; (4) a termination of the trust or an adjudication that it has terminated; (5) a determination of the amount to be held by the trustee for the payment of the legacies provided for in the sixth clause of the will; (6) an order that the trustee pay over the balance of the fund to the plaintiff.

To this complaint the defendant trustee, and certain of the defendant nephews and nieces demurred, upon various grounds, and their demurrers were sustained— the trial court filing no explanatory memorandum and not specifying the precise grounds upon which its ruling was based. Such of the assigned grounds as are decisive of the case are sufficiently indicated in the opinion. A judgment for the defendants followed this action of the court, and the appeal assigns error in the court's ruling as upon each ground of demurrer assigned, in the court's claimed construction of the will fixing the continuance of the trust, and in denying the plaintiff's prayers for relief.

*Henry Stoddard*, with whom was *James Dwight Dana*, for the appellant (plaintiff).

*William A. Wright*, for the appellee (defendant Union and New Haven Trust Company).

*George D. Watrous*, with whom was *Leslie M. Daniel* of New York City, for the appellees (defendants Ernest R. Ackerman *et als.*).

CASE, J.  The three essential claims for relief which call for consideration upon the stated facts, are: a judgment of interpleader, a construction of the will, and a termination of the trust.  The first has no merit. Our statute dealing with equitable actions in the nature of interpleader (General Statutes, § 1019) has been construed with a liberal regard for its remedial character (*Union Trust Co.* v. *Stamford Trust Co.*, 72 Conn. 86, 93, 43 Atl. 555), but this case is outside its intent and lacks its requirements.  The plaintiff stands alone in asserting a right hostile to the trustee's present possession and control of the fund.  No one else voices a claim to it, or is said to.  Not only is this true, but the complaint negatives the possibility of an attitude on the part of any other of the defendants at once adverse to both Miss Ackerman and the trustee.  Only upon a termination of the trust can any beneficiary under the will assert a present right to the fund or to any part of it, and it is confessedly only through acquiescence in the soundness of the plaintiff's contention that a present termination of the trust can be sought. In the nature of things there can be no triangular dispute, even if one were alleged.  There must of necessity be an alignment of parties, on this issue, either with the plaintiff or with the trustee.  In this aspect of the case, therefore, the controversy is one essentially between Miss Ackerman and the trustee, and no procedure by way of interpleader is involved.

The two remaining claims are in a measure correlated. The first and second reasons of appeal assign error on the part of the trial court "in construing the said will," and so in a sense perhaps imply that what the demurrer challenged the court's power to do the court has actually done in its ruling and its judgment.

Within certain limits a construction of the will is

necessarily involved in determining the duration of the trust which it creates, and the consequent rights of the plaintiff to any of the relief asked for. This is incidental to the action, and to a proper settlement of the initial question as to whether the plaintiff has any foothold in court upon the facts which the record discloses. It is, however, quite distinct from a determination of the full scope, meaning and effect of the will's trust provisions, and of the precise destination of the fund. The incidental, and, as in this case, merely partial construction of such an instrument for a limited and subordinate effect, differs materially from that called for where the avowed purpose of the proceeding is to secure a construction of the will for the information of one charged with the duty of carrying out its directions. The limitations attaching to this latter class of cases are defined in *Belfield* v. *Booth*, 63 Conn. 299, 309, 27 Atl. 585. Such a suit in its nature seeks solely the court's aid for the administration of a trust, in the broader sense of that term, and is properly brought only by one in a position to ask, and so entitled to receive, this assistance. "It rests upon the ground that the plaintiff occupies a position of trust, . . . and that he cannot safely discharge the duties of his office without the advice and protection of a court of chancery."

With this distinction in mind, the first, if not the controlling, question here is as to the present status of the trust. While this action is not brought by one in whom the right to seek the court's advice is recognized, its purpose to secure a construction commensurate with that properly sought in such a case is manifest. Certainly, therefore, if the trust remains an active one, the plaintiff is in no position to ask for a construction of the will, unless a recent Act of the legislature, which will be considered later in its present bearing, has

given her a right of action which did not exist when the suit was brought.

Mr. Ackerman's will provides for the payment of the income from the trust fund equally to the wife and daughter, and upon the death of either, payment of the whole income thereafter to the survivor. This disposition of the income is to continue, and payment of the legacies for charitable purposes and to the two nephews is withheld, until "the death of both my wife and daughter," when "said trust is to terminate." There could be no plainer or more positive expression of intention, nor one less open to the charge of doubtful meaning. If these explicit directions are to be respected, it is of course legally impossible to now determine the precise ultimate destination of the fund, no matter what construction may be given the words "next of kin" in Mr. Ackerman's use of them. To open the door to a present termination of the trust, the case must fall squarely within the rule which equity applies where that result is sought. The conditions which this test exacts are: that all the parties in interest unite in seeking the termination, that every reasonable ultimate purpose of the trust's creation and existence has been accomplished, and that no fair and lawful restriction imposed by the testator will be nullified or disturbed by such a result. The case which the complaint discloses answers the test in none of these requirements, and certainly in dealing with the last of them the court must indulge every presumption in favor of the clear and positive restrictions which Mr. Ackerman has himself imposed. *Mason* v. *Rhode Island Hospital Trust Co.*, 78 Conn. 81, 61 Atl. 57; *Hoffman* v. *New England Trust Co.*, 187 Mass. 205, 72 N. E. 952; *Claflin* v. *Claflin*, 149 Mass. 19, 20 N. E. 454. It is apparent not only that the trust was not terminated by the death of the widow, but that its ter-

mination is beyond the present reach of a court of equity.

If, then, the trust must continue during the life of Miss Ackerman, the single remaining question is whether she is entitled, as the case reaches us, to a construction of the will. For the reasons already considered she has no such right unless it is given by chapter 174 of the Public Acts of 1915, which is in terms made applicable to cases then pending. This Act amends § 4053 of the General Statutes, which, in a slightly amended form, has recently existed as chapter 54 of the Public Acts of 1913 (p. 1663). Under the hitherto sufficiently accurate designation of an Act concerning actions to settle title to land, it has been frequently before this court. In its present amended form, it provides: "An action may be brought by any person claiming title to, or any interest in, real or personal property, or both, against any person who may claim to own the same, or any part thereof, or to have any estate in the same, either in fee, for years, for life, in reversion, or remainder, or to have any interest in the same, or any lien or incumbrance thereon, adverse to the plaintiff, or in whom the land records disclose any interest, lien, claim, or title conflicting with the plaintiff's claim, title, or interest, and whether the plaintiff is entitled to the immediate or exclusive possession of such property, for the purpose of determining such adverse estate, interest, or claim, and to clear up all doubts and disputes, and to quiet and settle the title to the same." Public Acts of 1915, Chap. 174, p. 2003.

The history of the Act in its long recognized form, the reasons which gave birth to it, and the limited scope of its purpose and beneficial activities are detailed in *Foote* v. *Brown*, 78 Conn. 369, 62 Atl. 667. Nothing can more forcibly expose the radical departure

of this amendment from the legislative intention in framing the original Act, than the opinion in that case. First enacted for the relief of an owner of land in possession and hampered in his assertion of absolute title by the claims of others to certain contingent remainder interests in the property, the Act in its present shape is extended in the broadest terms to embrace personal property, and to determine—by the same method of procedure that the original Act prescribed— any and every right or interest that may attach to the property involved.

The legislation, however, is of a remedial character and must receive a liberal construction. For the purposes of this case we may assume that whether or not of limited application, it has a legitimate field of operation in its extended form. The question of present moment, and in view of our conclusions the controlling one, is whether the plaintiff's case is fairly within the statute upon a reasonable construction of the complaint. We think not. Its obvious and single aim is to secure the fund for the plaintiff, and to secure it now. Her case as framed is made to rest upon her claim of an absolute and present title, and that this title be recognized by a termination of the trust, a release of the fund from its restrictions, and a surrender of it to herself. No claim is made that in the event of a denial of this proposition the plaintiff is still aggrieved by uncertainties as to the will's further meaning. At least in its present form, the complaint cannot bear the construction necessary to support such a claim, or a prayer for relief based upon it. Every question fairly presented by the pleadings as they stand, is, as a fact, disposed of by an adjudication that the trust is a live and continuing one. The entire case turns logically upon this vital element of it.

For the reasons indicated the court correctly sus-

tained the demurrers to the substituted complaint, and properly rendered judgment for the defendants.

There is no error.

In this opinion the other judges concurred.