IN RE HOLTON TRUST.
[No. 89, October Term, 1935.]

*Decided January 16th, 1936.*

642

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Jackson R. Collins,* for the appellant.

URNER, J., delivered the opinion of the Court.

The will of William McKenney, of Queen Anne's County, who died in 1897, created trusts of equal portions of his residuary real and personal estate for the benefit primarily of his children. The paragraph defining the trusts of the real estate contains the following clause: "As to my daughters, their said several Trustees, are to have, hold, manage, rent, farm, and to farm-let their several and respective shares of my Real Estate during the several and respective lives of my several daughters and for the period of twenty-one years thereafter, or until their several and respective children or issue shall have arrived at twenty-one years of age, if the same shall occur within that period." In regard to the equal shares of the personal estate, the testator directed that they be held "by said several Trustees of my children in trust for their use and benefit and in case of the death of any one or more of them leaving issue for the benefit of said issue, as in the case of their several and respective shares of my real estate—and the same to invest and reinvest from time to time, and the income thereof to pay over to my said several children or in case of their death with issue as aforesaid, to their issue as in case of the income from my Real Estate as herein before provided, and with like powers of disposition by last Will and Testament as to the corpus of the fund or income as in case of their respective shares of my real estate, and in case of the death of any one or more of them without leaving issue surviving at the time of his or her death,

and without a last will and testament, to the survivor or survivors of them as in case of their respective shares of my Real Estate." Following the provision relating to the trusts of realty was the following paragraph in the will: "In the eighteenth place, In case of the death of any one of my children without issue and without the exercise of the power of disposition by last Will and Testament given by this will, I do will, direct and devise that his or her share of my Real Estate shall devolve upon and become the estate and property of the survivor or survivors free, clear and discharged of the trust engrafted on the same by this will and I do hereby empower any one and all of my children in case of his or her death after twenty-one years of age and during the continuance of the trust engrafted on his or her estate by this will to dispose of the same by last will and testament free, clear and discharged of said trust."

That paragraph of the will was thus amplified and explained by a codicil: "I amend the 18th clause of my will in that part which provides that in case of the death of any one or more of my children, without issue, his or her portion shall go to the survivor or survivors of them by this additional provision and explanation, that the terms 'survivor or survivors' of them shall be intended to include and shall embrace the issue or descendants of any deceased child or children, the issue to take such part as the parent or parents would have taken in case he or she would have survived."

One of the testator's daughters, Henrietta McKenney Holton, on August 17th, 1935, petitioned the Circuit Court for Queen Anne's County for the revocation of the trust of which she is a beneficiary under her father's will. It was alleged in her petition that she is a widow and sixty-eight years of age; that she is the mother of two children, a son, born in 1890, and a daughter, born in 1892, both of whom are living; that her son has two children, one of whom is eleven and the other nine years old; that her daughter also has two children, aged twenty and sixteen years, respectively; that the petitioner has made

a will disposing of the property held under the trust; that she does not contemplate remarriage, and is incapable, because of her age and impaired health, of bearing any additional children; that the income from the trust has been seriously reduced, and the petitioner "is financially pressed because of the long depression"; that it was the intention of the testator "to provide for the care and welfare of his children until said children became of age," and that purpose has been accomplished; and that the petitioner's children, both of whom are adults, consent that the trust be terminated.

The defendants named in the petition are three other daughters of the testator and four children of his deceased daughter and three children of his deceased son. All of the defendants and the son and daughter of the petitioner formally consented to any order which the court might enter granting the proposed relief. It was testified by Mrs. Holton, the petitioner, that her father had seven children, one of whom died without issue in the testator's lifetime, that a daughter, Mrs. Mitchell, and a son, William McKenney, survived their father, but have since died, each leaving children. There are also grandchildren of the testator's surviving but since deceased son and daughter. The ages of those grandchildren are not stated in the record. A proffer of testimony to prove that the petitioner is incapable of childbearing was refused by the chancellor upon the authority of *In re Ricards' Trust Estate*, 97 Md. 608, 55 A. 384. The appeal is from a decree by which the petition for a termination of the trust was dismissed.

It was assumed in the argument for the appellant that if, as a legally provable fact, it is impossible for her to have any children in addition to her son and daughter now living, she is entitled, with their concurrence and that of the defendants named in the petition, to have the trust extinguished. This theory involves a preliminary assumption that, according to the proper construction of the will, only the petitioner and those who have consented to her request for the termination of the trust have any

interest in its terms and duration. In our judgment, the will does not admit of that interpretation. The trust which it created for each daughter of the testator was to continue during her life and for twenty-one years after her death, or until, during that period, her "children or issue" should become twenty-one years of age. While in the clause referring specifically to the real estate there is no express devise of the corpus in remainder, there is a direction that the income after the death of the daughter, and "within the limits of the trust," be paid to her "issue." But the clause which provides that a share of the personalty shall be included in the trust indicates that both the real and personal assets of the trust estate shall go in remainder to the daughter's surviving "issue" after her death, for it describes the trusts of personalty as being for the benefit of the testator's children, respectively, "and in case of the death of any one or more of them leaving issue for the benefit of said issue, as in the case of their several and respective shares of my real estate." That limitation in remainder is definitely contingent upon the death of the life beneficiary "leaving issue." The contingency upon which depends the right of the surviving children of the testator to succeed to the estate held in trust for a sister or brother whose life interest has expired is the death of such a beneficiary "without issue," and without exercising the power of testamentary disposition conferred by the will, and, as explained in the codicil, the term "survivors," used in that connection, is intended to include "the issue or descendants of any deceased child or children, the issue to take such part as the parent or parents would have taken in case he or she would have survived."

It is thus apparent that the devolution of the trust estate, under the terms of the will, after the death of Mrs. Holton, is dependent upon alternative contingencies. *Schapiro v. Howard,* 113 Md. 360, 78 A. 58; *Miller, Construction of Wills,* p. 624. In the event of her death "leaving issue," the trust is to continue for their benefit until they arrive at the age of twenty-one years, when

they are to receive the estate in possession, but, if she leaves no issue living at the time of her death, and does not dispose of the estate by her will, it passes to her father's surviving children, or to their "issue or descendants." There are consequently contingent interests which are not now determinable, but which must not be disregarded in the decision of the question here presented.

In *Manders v. Mercantile Trust & Dep. Co.*, 147 Md. 448, 457, 128 A. 145, 148, it was said in the opinion that "a court of equity may decree the termination of a trust when all the objects and purposes of the trust which are inconsistent with the full beneficial ownership and control of the *cestui* are fulfilled, all the parties who are or may be beneficially interested in the trust property are in existence and *sui juris*, and they all consent and agree to the ending of the trust." In this instance a full compliance with those requirements is not feasible. The children of Mrs. Holton, and her nephews and nieces, who have consented to the extinguishment of the trust, would, if not living at the time of her death, be succeeded in beneficial interest by "issue" or "descendants" who are not now legally capable of consenting or who may be yet unborn.

The fact that Mrs. Holton has made a will disposing of the trust estate, as alleged in her petition, is not a sufficient reason for the termination of the trust at this time, because her will, if unrevoked, will not be operative until her death, and her power to make a testamentary disposition of the estate, according to the terms of the will conferring the power, is to be exercised, if at all, in the event of her death "during the continuance of the trust."

*Decree affirmed, with costs.*