CHARLES I. HILLS ET AL. *v*. TRAVELERS BANK & TRUST COMPANY, TRUSTEE, ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 8—decided July 12, 1939.

*Arthur L. Shipman* and *Robert E. Beach,* for the appellant (defendant).

*Harry B. Rosenblum,* with whom was *Joseph M. Freedman,* for the appellees (plaintiffs).

HINMAN, J. This action was brought by the named plaintiff and Thomas K. Hills, sons of Charles I. Hills, now deceased, against the named defendant as trustee of the trust mentioned in the complaint, Matilda King Hills Hendrickson, the widow of the decedent, hereinafter referred to as Mrs. Hills, and the attorney general of the state. The complaint alleged that on April 8, 1915, Charles I. Hills, then of Elizabeth, New Jersey, but since deceased, quitclaimed to Arthur L. Shipman certain real estate located in Hartford, with instructions in accordance with which Shipman, by his deed dated April 20, 1915, conveyed it in trust to the defendant trust company, then known as The Union Trust Company. The deed, which is made part of the complaint, provided, in paragraph 2 of the habendum clause, that the trustee should pay the net income from the real estate or the proceeds thereof, if it be sold as authorized, "in thirds to or for the benefit of Mrs. Matilda King Hills . . . and to Charles I. Hills, Jr., and Thomas King Hills, her sons, or to the immediate issue of said sons, if either or both shall die before she does, so long as said Matilda King Hills shall live, in semi-annual installments or oftener, as may be requested by him or them." Paragraph 3 provided as follows: "Upon the death of said Mrs. Hills said grantee, or its successor or successors, shall continue to hold said property, or the proceeds thereof, for the joint and equal benefit of said Charles I. Hills, Jr., and Thomas King Hills until they respectively reach the age of thirty (30) years, at which time said trust property shall vest in and be transferred to said Charles I. Hills, Jr., and Thomas King Hills in equal portions and free of trust. Should, however, either or both of said persons, Charles I. Hills, Jr., and Thomas King Hills, die before the said Matilda King Hills or after her and before attaining the age of thirty years leaving im-

mediate issue such issue shall, upon the death of the said Matilda King Hills or upon the death of either or both of said sons subsequent to her death and before reaching the age of thirty years, as the case may be, receive the entire trust property or fund which his, or her or their parent would have received had he survived, in equal shares and per stirpes. If either of said persons, Charles I. Hills, Jr., and Thomas King Hills, die without issue before reaching the age of thirty years, then the income from the share of the one so dying shall during the life of the said Matilda King Hills be paid to the survivor or his issue and upon her death, or in the event of the death of either of said sons subsequent to hers, and before attaining said age of thirty years, without issue, the principal of his share of said trust fund shall likewise go to the survivor, or his issue, if he be dead leaving issue, equally and per stirpes."

The elder Charles I. Hills died April 14, 1915, leaving as his sole heirs his widow and the plaintiffs. The foregoing allegations of the complaint, with others which are hereinafter adverted to, were admitted by the defendant trust company but it denied a further allegation that the plaintiffs are the only persons beneficially interested in the trust estate. Additional facts subsequently stipulated include that the plaintiff Charles I. Hills is thirty-eight years old, is married and has no children other than an adopted son aged sixteen, whom he adopted in 1937; Thomas K. Hills is thirty-three years old, is unmarried and never was married; Mrs. Hills is sixty years of age. On September 6, 1938, she signed an instrument the purpose of which was to relinquish all her right, title and interest in the trust estate. The plaintiffs have requested the trustee to transfer to them their respective shares of the trust property but the trustee has declined to do so.

The original prayers for relief included claims for a judgment declaring that the widow has no rights in the trust estate, that unborn issue have no rights therein, that the plaintiffs alone have a present vested and distributable interest, and that the trust terminated because all of the parties beneficially interested consented thereto, because its purposes have all been accomplished, and because it has become a dry trust. However, the complaint was amended by adding a second count, making part of it the allegations of the original complaint and claiming (1) that the trust estate be divided into three equal shares, that the trust be terminated as to two of such shares, and the property of each of these shares be distributed to each of the plaintiffs, and (2) that the trustee continue to administer the third share for the benefit of the widow and pay the net income therefrom to her so long as she shall live, and upon her death distribute the proceeds of that share equally between the plaintiffs. The judgment rendered sustained and accorded with these latter claims.

The defendant trustee assigns error in the decision of the trial court construing the trust deed as expressing an intention that each of the plaintiffs receive one-third of the trust fund on reaching the age of thirty years, notwithstanding that Mrs. Hills is still living, and holding that all the beneficiaries of the trust have consented to the termination thereof and that the only material purpose of the trust remaining to be carried out is the provision by which the widow is to receive one-third of the income so long as she shall live. The defendant claims that, instead, the trust instrument should be construed as providing that so long as Mrs. Hills lives the income be paid in equal shares to or for her and to each of the two sons, or to his immediate issue should he die before Mrs. Hills, irrespective of

whether or not he has attained the age of thirty years, and that only upon the death of Mrs. Hills is either son, or if he dies before her, his immediate issue, if any, entitled to receive his share of the trust property, and that therefore, until the death of Mrs. Hills, unborn issue of either son have a potential beneficial interest in the trust. Careful study and analysis of the above quoted determinative provisions of the trust deed lead us to the conclusion that the construction contended for by the defendant is correct.

Upon such analysis it appears that the provision quoted from paragraph 2 is the master or dominant clause. Considered by itself it plainly directs that the income be paid as therein specified both to Mrs. Hills and to the sons, or their immediate issue if either or both die before her, "so long as [she] shall live." The provisions in paragraph 3 which are of significance to the present problem appear to pertain to effectuating an intention of the settlor that in no event should either of the sons receive a share of the corpus of the trust before reaching the age of thirty years. The intention first plainly expressed thereby is that if Mrs. Hills should die, thereby terminating the effect of the provision in paragraph 2, before a son had attained the specified age, the trustee should continue to hold his share and pay him the income until he reached that age. The next provision is of particular significance as recognizing the purport which we have attributed to paragraph 2. The part thereof which pertains to the contingency of the death of either of the sons before Mrs. Hills—disregarding those parts which relate, instead, to that of the death of Mrs. Hills before one or both of the sons reached the age of thirty years—reads, "should, however, either or both of said persons, Charles I. Hills, Jr., and Thomas King Hills, die before the said Matilda King Hills . . . leaving immediate

issue such issue shall, *upon the death of the said Matilda King Hills*" (italics ours) " . . . receive the entire trust property or fund which his, her or their parent would have received had he survived, in equal shares and per stirpes." This can be fairly construed only as meaning that issue born to either son before the death of Mrs. Hills shall, if that son die before Mrs. Hills, be entitled, not only to the income during her life as clearly contemplated by paragraph 2, but also, upon her death, to the son's share of the principal. The concluding sentence of the paragraph, which undertakes to cover the contingency of either son dying without issue before being entitled to the principal of his share, provides that in the event of such death "the income from the share of the one so dying shall during the life of said Matilda King Hills be paid to the survivor or his issue." The reference made to death without issue "before reaching the age of thirty years" might by itself seem inconsistent with the construction we adopt but it is insufficient to overcome the other considerations adverted to, and the provision is for payment of income only to the survivor or his issue during the life of Mrs. Hills without reference to whether such survivor had reached the age of thirty years. Moreover, both plaintiffs having reached the age of thirty this provision has become inoperative. It may be, as is suggested, that it was the expectation of the settlor that Mrs. Hills would decease before the sons reached the age of thirty, although such an expectation would seem hardly reasonable in view of her age (thirty-six years) at the time the trust was created, and that therefore the effect of the deed as made would not be to defer their receipt of their shares of principal beyond the time of their attainment of that age. However, even if future events did not accord with his anticipations, the eventualities must be adapted to the

terms of the trust, not the trust to the events. *Bartlett v. Sears,* 81 Conn. 34, 41, 70 Atl. 33; *New Britain Trust Co.* v. *Stoddard,* 120 Conn. 123, 126, 179 Atl. 642; *Sears* v. *Choate,* 146 Mass. 395, 398, 15 N. E. 786.

It was alleged in the complaint and admitted by the answers that the deceased, on April 8, 1915, conveyed directly to the defendant trust company certain other property in trust and that in an action brought in November, 1915, by his administrator, in which all of the present parties except the attorney general were defendants, a judgment was rendered whereby the trustee was directed to deliver to the widow, as her sole and separate estate and free of trust, one-third of the property so transferred to the trustee, the remaining two-thirds, the complaint states, "to be held, managed and disposed of by the trustee for the use and benefit of the plaintiffs in this case, who were minors at the time, as provided in the [trust instrument] so far as the provisions of the same are applicable to the plaintiffs in this case and their respective issue." That judgment is without significance in solving the present problem. The trust instrument there involved, which is made part of the record, differs in some material respects from the one now under consideration, it appears that the pertinent provisions in the judgment were incorporated therein as the result of a compromise agreement between the parties, it gave the widow her one-third absolutely, although the trust instrument contained no provision capable of being construed so as to authorize it, and, so far as the record discloses, was inconclusive as to the rights of the plaintiffs in the respects now in question, although facts stipulated indicate that the plaintiffs, upon and after becoming thirty years of age, received their respective shares of the corpus of that trust.

Under the meaning which we ascribe to the terms of

the trust deed the plaintiffs have, during the life of Mrs. Hills, only a right to one-third each of the income of the trust. Both having reached the age of thirty years, each has a vested third interest in the trust fund, subject to divestment by his death before that of Mrs. Hills. Gray, Perpetuities (3d Ed.) § 102; *Carpenter* v. *Perkins,* 83 Conn. 11, 16, 74 Atl. 1062. If such death occurs his rights, both to income during the remainder of Mrs. Hills' life and in the principal upon her death, would pass to his issue, if any, or, if he leave no issue, to the other son if he survive, or, if not, to his issue, and such successor would not take by inheritance but under the trust instrument itself. *Ansonia National Bank* v. *Kunkel,* 105 Conn. 744, 751, 136 Atl. 588. It follows that possible unborn issue of each plaintiff have a potential interest under the trust.

The function of the court with reference to trusts is not to remake the trust instrument, reduce or increase the size of the gifts made therein or accord the beneficiary more advantage than the donor directed that he should enjoy, but rather to ascertain what the donor directed that the donee should receive and to secure to him the enjoyment of that interest only. 4 Bogert, Trusts & Trustees, p. 2936; *Claflin* v. *Claflin,* 149 Mass. 19, 20 N. E. 454. Conditions precedent which should concur in order to warrant termination of a trust by judicial decree include "that all the parties in interest unite in seeking the termination, that every reasonable ultimate purpose of the trust's creation and existence has been accomplished, and that no fair and lawful restriction imposed by the [settlor] will be nullified or disturbed by such a result." *Ackerman* v. *Union & New Haven Trust Co.,* 90 Conn. 63, 71, 96 Atl. 149; *DeLadson* v. *Crawford,* 93 Conn. 402, 411, 106 Atl. 326. Under the construction which we accord to the trust deed and the relevant facts of the

present situation these conditions do not appear to be satisfied. The first of these is that all of the parties in interest must unite in seeking the termination. If some such parties are not competent to act for themselves or are yet unborn, it is obvious that their interests, whether presently vested or contingent, should be properly represented and protected. Unborn immediate issue of each of the plaintiffs have a contingent interest in both income and principal, but they are unrepresented. As the trust is not of a public or charitable nature, the purpose of making the attorney general a party defendant (General Statutes, § 149; *Averill* v. *Lewis,* 106 Conn. 582, 591, 138 Atl. 815) is not apparent, but it cannot be and is not now claimed that his presence as a party affords adequate representation for unborn issue of the plaintiffs. The plaintiffs may not be regarded as themselves representing them since their interests are not identical (*Underhill* v. *United States Trust Co.,* 227 Ky. 444, 450, 13 S. W. (2d) 502) and as the conclusions of the trial court are not "as favorable to them as they could possibly claim" (*Wilson* v. *D'Atro,* 109 Conn. 563, 569, 145 Atl. 161) we cannot say that they could suffer no detriment from lack of representation. "The court will not allow the cestuis with vested interests to shut out the existing or possible future cestuis by procuring a court decree for termination and for distribution among the present holders of vested interests." 4 Bogert, Op. Cit., p. 2931; 26 R. C. L. 1212; Restatement, 2 Trusts, § 340 and Comment *d.; In re Holton Trust,* 169 Md. 640, 645, 182 Atl. 425, 427; *Hurt* v. *Gilmer,* 40 Fed. (2d) 794; *Rehr.* v. *Fidelity-Philadelphia Trust Co.,* 310 Pa. St. 301, 105 Atl. 380; *Anderson* v. *Williams,* 262 Ill. 308, 315, 104 N. E. 659; *Underhill* v. *United States Trust Co.,* supra, 447; *Byers* v. *Beddow,* 106 Fla. 166, 171, 142 So. 894.

Also, since we construe the trust deed as expressing an intent that the plaintiffs should not receive the principal until the death of Mrs. Hills, that purpose has not been accomplished and cannot be until her decease and the restriction so imposed would be nullified by an earlier termination of the trust as to them and distribution to them from the corpus of the trust estate. *Rayhol Co.* v. *Holland,* 110 Conn. 516, 526, 148 Atl. 357. Termination is to be limited to cases where not only all the interests created have vested and the parties are sui juris and represented but also the design and object of the trust has been at least practically accomplished. *Anderson* v. *Williams,* supra, 315. When, as here, the distribution under the trust is limited to income during a period measured by a specified lifetime and the present holders of a vested interest may through death during that period be succeeded, by substitution under the terms of the instrument as distinguished from by inheritance, by issue yet unborn, there are "contingent interests which are not now determinable, but which must not be disregarded," and the trust continue so long as does the contingency. *In re Holton Trust,* supra, 646; *Hurt* v. *Gilmer,* supra, 795; *Brandenburg* v. *Thorndike,* 139 Mass. 102, 104, 28 N. E. 575; *Estate of Washburn,* 11 Cal. App. 735, 750, 106 Pac. 415; *Allen* v. *Allen's Trustee,* 141 Ky. 689, 692, 133 S. W. 543; *Godfrey* v. *Roberts,* 65 N. J. Eq. 323, 55 Atl. 353; *Olsen* v. *Youngerman,* 136 Iowa 404, 408, 113 N. W. 938; *Byers* v. *Beddow,* supra, 171; Note, 45 A. L. R. 746; 26 R. C. L. 1380. The consequence is that it is incumbent upon the trustee to continue to administer the trust not only as to Mrs. Hills' one-third share, but also as to the other two-thirds "so long as Mrs. Hills shall live" and upon her decease, only, will distribution of the principal be permissible.

There is error and the case is remanded to the Superior Court with direction to render judgment for the defendants.

In this opinion the other judges concurred.