[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Statement of the Case
The Hole in the Wall Gang Fund, Inc. (hereinafter the "Fund") has intervened in this case in order to move to terminate the trust of which the Bank of Boston Connecticut (hereinafter the "Bank"), successor to Colonial Bank, is trustee. The Fund's claim is that the purpose of the trust has been accomplished.
The trust at issue is the charitable trust established by the will of Annie Mitchell Trowbridge. The will provided a trust for the CT Page 2405 benefit of her daughter, Molly Trowbridge, and her issue. Molly Trowbridge died on January 23, 1983 without surviving children. Under the terms of the will, a charitable trust would arise if Molly Trowbridge were to die without issue.
The will states: "It is my desire to establish a comfortable home in the country, if within the State of Connecticut, for convalescent children, in memory of my daughter, to be known as `The Molly Trowbridge Home.' Such Institution shall be maintained for the benefit of children without homes, or of poor parents who have not the means to properly care for children recovering from serious illness, or whose homes are not suitable for the restoration to health of such convalescents. I direct my Trustee, in its discretion, to lease or purchase premises suitable for the foregoing purpose and furnish and equip same. . . . The income from the remainder of said trust estate I direct the Trustee to use for the maintenance, upkeep and operation thereof." The will appointed the Second National Bank as trustee.
Colonial Bank succeeded the Second National Bank as trustee. On January 21, 1986, Colonial Bank brought a cy pres action due to the impracticability of carrying out the intention of the testator in building a convalescent home. On December 10, 1986, the court ordered that the Hole in the Wall Gang Fund, Inc. be designated as income beneficiary of the trust under the doctrine of cy pres.
The Fund argues that the purpose of the trust has been accomplished and that the trust could be terminated without nullifying any restrictions imposed by the testator. The Fund relies on Adams v. Link, 145 Conn. 634, 638, 145 A.2d 753 (1958), to argue that all of the necessary conditions to terminate the trust have been met. Further, the Fund argues that more money would benefit needy children if the trust were terminated because trustee's fees would no longer be deducted and assets could be converted by the Fund without adverse tax consequences. The Fund bolsters its argument by reference to a letter from the Probate Court judge, stating that it would be "best and proper" for the trust to be turned over to the Fund.
The Bank argues that Adams v. Link is inapplicable. It further argues that even if Adams v. Link were applicable, the necessary conditions have not been met. Moreover, the Bank contends that terminating the trust would be contrary to the intent of the testator. The Bank argues that a trustee provides CT Page 2406 valuable services, such as supervision of the Fund's use of money. In addition, the trust cannot be reached by the Fund's creditors, whereas the termination of the trust would open all the assets to creditors of the Fund. Finally, the Bank argues that the tax burden on the assets of the trust are minimal and that the Bank has economically and successfully administered the trust.
While the Fund is not proceeding under § 45a-242, providing for removal of a trustee for cause, it expressed some criticism of the Bank's tenure as trustee. Supervision was described as minimal, investment performance was best described as lackluster, and trustee fees charged were high for the effort expended. And, it was noted the Fund enjoys an endowment of $12,000,000 so that it is not likely to have creditors pursuing this trust if it had the corpus in its portfolio.
In Adams v. Link, the court considered the right of known beneficiaries to terminate a trust. The court stated, "Conditions precedent which should concur in order to warrant termination of a testamentary trust by judicial decree are (1) that all the parties in interest unite in seeking the termination, (2) that every reasonable ultimate purpose of the trust's creation and existence has been accomplished, and (3) that no fair and lawful restriction imposed by the testator will be nullified or disturbed by such a result." Adams v. Link, 145 Conn. 634, 638,145 A.2d 753 (1958), citing Hills v. Travelers Bank Trust Co.,125 Conn. 640, 648, 7 A.2d 652 (1939). Although all the interested beneficiaries had agreed to termination, the court held that termination of the trust would be improper.
The court found that the intent of the testator had been to provide a certain life income for one beneficiary and the residuary corpus for another beneficiary. To do this, the testator selected a trustee and provided that the principal could not be reached by the lite beneficiary. To terminate the trust would have defeated the purpose of the trust and would have removed the lawful restrictions placed on the trust by the testator. As a result, the second and third conditions could not be satisfied. Adams v. Link, supra, 145 Conn. 639-40.
Assuming that Adams v. Link is applicable, the three necessary conditions are not satisfied here. It is unclear whether the first condition can be met. The Bank argues that, because it is charitable, the beneficiaries are not known; unlike CT Page 2407 the private trust in Adams v. Link, here the beneficiaries are undetermined children. The Fund, however, argues that it is the sole beneficiary.
Because the doctrine of cy pres has been applied, the beneficiaries are unclear. The judgment of the court refers to the Fund as an "income beneficiary." Furthermore, the judgment provides that the Bank, with the approval of the court, may cease to make distributions of income to the Fund if the Fund suspends or terminates the camp's operation and the court finds that the camp no longer satisfies the intent of the will. Because the Bank retains the power to terminate income distributions to the Fund, it is possible that other undetermined beneficiaries would take the place of the Fund. Thus, the Fund has not clearly shown that the first condition has been met.
It also appears that the second and third conditions have not been met. The purpose of the trust and the restrictions imposed by the testator are expressed in the will. The will provides that the trustee is to establish and administer a home for children. The trustee is to use the income of the trust to maintain the home, employ managers and assistants for the home, and establish rules for the admission of the children. This clearly expresses an ongoing supervisory and administrative role. If the trust had been able to carry out the testator's wishes, the purpose of the trust would not have been accomplished when the home was built. Rather, the purpose of the trust would have entailed a continuing role for the trustee.
Similarly, the Fund's provision of care to children does not fulfill the purpose of the trust. Like the will, the judgment provides for a supervisory role for the Bank. The judgment provides that the Fund will furnish an annual accounting of the funds received to both the Bank and the Attorney General. As discussed above, the Bank may stop distributing the income to the Fund under certain circumstances. Thus, the supervision of the trustee is intertwined with the purpose of the trust.
Any reasonable desire of the testator should be satisfied where possible. Adams v. Link, supra, 145 Conn. 639. If the testator desired to establish a home which would be continually supervised by the trustee, the court should not disregard that desire. Similarly, the supervision of the Fund is permissible and indeed has been previously ordered by the court. CT Page 2408
With regard to the economic advantages of terminating the trust, these are not proper grounds to terminate the trust, absent any claims of misfeasance. "The function of the court with reference to trusts is not to remake the trust instrument, reduce or increase the size of the gifts made therein or accord see beneficiary more advantage than the donor directed that he should enjoy, but rather to ascertain what the donor directed that the donee should receive and to secure to him the enjoyment of that interest only." Hill v. Travelers Bank Trust Co.,125 Conn. 640, 648, 7 A.2d 652 (1939).
This motion presents the court with a most difficult choice. The Fund is the project of one of the state's outstanding citizens and major philanthropists. Its efforts are widely known and acclaimed; it is truly functioning "on the side of the angels." There is merit to its claim but confronting the court is the case law, and regretfully, the Fund's motion must be denied.
DeMayo, J.