## IN RE APPLICATION OF WILLIAM W. PEASE ET AL.
### (ESTATE OF RANDOLPH PEASE)

Superior Court · Middlesex County  File No. 7859

MEMORANDUM FILED JUNE 2, 1942.

*Russell Back*, of Middletown, for Carlos B. Ellis, Trustee.

*James M. Kelly*, of Middletown, for William W. Pease.

Memorandum of decision on application to determine whether trust should be terminated.

INGLIS, J. This is an application made by the trustee and the sole remaining beneficiary of a trust created by the fifth clause of the will of Randolph Pease to determine the question as to whether that trust should now be terminated. Said fifth clause reads as follows: "FIFTH: I give, devise and bequeath unto Louis R. Pease of said Middletown, all of my real estate situated on Spring Street and on Pease Avenue in said Middletown, in trust, for the following uses and purposes; to wit, to hold and look after the same and to collect the rents and to pay the net income therefrom quarterly, over to my said sister, Frances Louise Pease, and my nephew, William W. Pease, in equal shares for and during their joint lives, and upon the death of either, I direct that the whole of said net income be paid to the survivor for and during his or her lifetime; and upon the death of said survivor, I give, devise and bequeath all of said trust property, to wit, all my Spring Street and my Pease Avenue property to my nephews, R. Sumner Pease and Louis R. Pease, to be theirs absolutely and forever, share and share alike; but should either of my said last named nephews die, before the termination of the trust created in this clause, said property shall, upon the termination of said trust, go to the survivor of them."

Carlos B. Ellis, Jr., one of the applicants here, has now succeeded to the trusteeship of the trust created by that clause.

It appears that Frances L. Pease died on July 28, 1920. Louis R. Pease died on December 24, 1932, intestate. His estate was duly administered and his interest in the property involved in the trust was distributed equally to R. Sumner Pease and William W. Pease.

R. Sumner Pease died on July 23, 1938, and his interest in the trust property was conveyed by his executor and his widow who was the sole beneficiary under his will to William W. Pease by deeds dated September 9, 1938.

It is clear that under the clause of the will in question, Louis R. Pease and R. Sumner Pease took a remainder interest which was vested in them subject to be divested as to each of

them only in the event that he died prior to the termination of the life estate and the other remainderman survived that termination. *White vs. Smith,* 87 Conn. 663. In as much as both of them died before the termination of the life estate, the interest of neither has been divested but remained vested. Accordingly, their remainder interest is now vested in William W. Pease.

Incidentally, even though it were so that those remainder-men took only contingent interests or that their estates were divested by reason of their decease before the termination of the life estate so that the devises to them would have lapsed into the residuary estate, the same final result would have come about. The residuary clause of the will leaves all of the rest, residue and remainder of the estate to said Frances L. Pease for life and upon her death to said Louis R. Pease, R. Sumner Pease and William W. Pease. Accordingly, if the bequests under the fifth clause to Louis R. Pease and R. Sumner Pease had lapsed, the residuary clause would have vested the same remainder interest in them or their estates and it would have come finally to William W. Pease.

It is apparent therefore that at the present time Carlos B. Ellis, Jr., and William W. Pease are the only parties in interest in the trust and the only necessary parties to this action. It is likewise clear that William W. Pease has com-bined in him the equitable interest in the trust for his life and the full remainder interest. He desires a termination of the trust.

The law relating to the termination of trusts under such circumstances is well settled. It is stated in section 337 of the *Restatement of the Law of Trusts* as follows: "Sec. 337. Con-sent of Beneficiaries. (1) Except as stated in Subsection (2), if all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination of the trust. (2) If the continuance of the trust is necessary to carry out a material purpose of the trust, the beneficiaries cannot compel its termination."

In *Ackerman vs. Union & New Haven Trust Co.,* 90 Conn. 63, 71, the court says: "To open the door to a present termina-tion of the trust, the case must fall squarely within the rule which equity applies where that result is sought. The condi-tions which this test exacts are: that all the parties in interest unite in seeking the termination, that every reasonable ulti-

mate purpose of the trust's creation and existence has been accomplished, and that no fair and lawful restriction imposed by the testator will be nullified or disturbed by such a result."

To apply the law to the facts of this case, it is clear that the first condition mentioned in the *Ackerman* case is met. The sole beneficiary of the trust now is William W. Pease and he desires the termination of the trust.

About the second and third conditions there may be somewhat more of a question. Has every reasonable ultimate purpose of the trust's creation and existence been accomplished or will some restriction imposed by the testator be nullified by the termination? Ordinarily a trust set up for the life of one person with remainder to another will be terminated when the remainderman conveys his interest to the life tenant. *Restatement, Trusts,* §337, *comment f, illustration 4.* This is always true where the only purpose of the trust is to preserve the corpus of the fund for the person entitled to the remainder. *Anno. 2 A.L.R.* 579.

In this regard the present trust is quite different from the trusts involved in the *Ackerman* case *supra* and in *DeLadson vs. Crawford,* 93 Conn. 402, cited by the trustee. In the *Ackerman* case, if the remainder interest were vested in the life tenant at all, it became so vested by the terms of the trust itself and in the *DeLadson* case it was clear that the remainder interest was vested in the life tenant by virtue of the terms of the trust alone. That is, in each of those cases the testator had expressly said in effect that the beneficiary was to have only the income for life or for a term of years and was not to have the possession of the remainder until the expiration of that time. It was therefore clear in those cases that the respective testators had had a purpose in creating the trust other than the mere purpose of protecting the trust fund for the benefit of the remainderman.

In the present trust, however, William W. Pease is not given the remainder interest by the terms of the trust itself. He has come into that remainder interest by force of circumstances entirely outside of the provisions of the trust. He has acquired it by purchase. The testator planned that the remainder interest should go to Louis R. Pease and R. Sumner Pease. There is no reason to suppose that any part of his purpose in creating the trust was to keep the corpus of the trust out of William's hands if he became entitled to it. There

are no spendthrift provisions in the trust to indicate that he wanted to prevent William from squandering anything which might come to him from the trust. As pointed out above he docs not show any interest to withhold the principal of the trust from William for a period of years and then let him have it. On the contrary the only purpose which the testator had as it appears from the trust was to give Frances L. Pease and William W. Pease the income from the fund during their lives and upon the death of the survivor to give the principal to Louis R. Pease and R. Sumner Pease or the survivor of them. In short, his only purpose in creating the trust was to hold the fund intact during the lives of Frances L. Pease and William W. Pease so that it would be available for distribution to the remainderman after the deaths of the life tenants.

Now that William W. Pease has become the sole life tenant and also the sole remainderman the purpose of the trust no longer continues to exist. Every reasonable purpose of the trust's creation and existence has been accomplished and no valid restriction imposed by the testator will be disturbed by the termination of the trust. Accordingly, the trust should be terminated.

Judgment may enter adjudging that the remainder interest in the trust is now vested in said William W. Pease, that, prior to the termination of the trust, the trustee has the power with the approval and authority of the probate court to sell any or all of the real estate held in trust, that said William W. Pease now has the right to demand a termination of the trust and if and when he makes such demand it is the duty of the trustee to file his final account as such trustee and, such account having been approved to turn over the corpus of the trust to William W. Pease and thereby terminate the trust. No costs are to be taxed in favor of either party.